IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 2:03 pm, May 08, 2017*

ALVIN D. LEACOCK,

    Petitioner,

v.

TRACY T. JOHNS,

    Respondent.

CIVIL ACTION NO.: 5:17-cv-24

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Alvin D. Leacock ("Leacock"), who is currently housed at D. Ray James Correctional Facility in Folkston, Georgia, (the "Facility") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Response. (Doc. 7.) Leacock filed a Traverse. (Doc. 9.) For the reasons which follow, I **RECOMMEND** that the Court **DENY** Leacock's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Leacock *in forma pauperis* status on appeal.

## **BACKGROUND**

Leacock is currently serving an 18-month sentence for conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and illegally entering an airport area with intent to commit a felony, in violation of 49 U.S.C. §§ 46314(a)–(b). (Doc. 7-1, p. 28.) His projected release date is May 18, 2017, via good conduct time release, to be followed by 12 months of supervised release. (Id. at pp. 24–26.)

On June 10, 2016, Leacock tested positive for marijuana during the Facility's urinalysis test. Facility staff verified that Leacock was not prescribed any medication that could trigger a false positive marijuana reading, (doc. 7-1, pp. 4, 41), and, on June 21, 2016, prison officials issued an incident report charging Leacock with use of a non-prescribed narcotic, in violation of the Facility's discipline regulations. (Doc. 1-1, pp. 21–22.)

The Facility provided Leacock with a copy of the incident report and commenced an investigation into the charges. (Doc. 7-1, p. 43.) The investigator advised Leacock of his rights, including his right to remain silent and the implications thereof. (Id.) Leacock acknowledged that he understood those rights and denied all allegations in the incident report. (Id.) After concluding that there was sufficient evidence to support the charges, the investigator forwarded the incident report to the Unit Disciplinary Committee ("UDC") for a hearing. (Id.)

On June 23, 2016, Leacock appeared at the UDC hearing and denied all allegations in the incident report. (Id.) Furthermore, Leacock argued that staff members were simply trying to frame him for having committed the charged violation. (Id.) Due to these allegations, the UDC did not make a determination on the merits, and instead, forwarded the matter to the Discipline Hearing Officer ("DHO") for a hearing. Facility staff notified Leacock of the DHO hearing and his rights associated with the hearing, including that he was allowed to request witnesses and have the assistance of a staff representative. (Id. at pp. 46, 48.) Leacock indicated that he understood his rights and requested a staff representative and at least one witness, "Epino-Guerrero, G-2 Inmate, #78481-080." (Id. at p. 48.)

Leacock's DHO hearing was held on June 29, 2016. (Id. at p. 50.) At that hearing, Leacock was advised of and acknowledged his due process rights, as well as his timely receipt of the incident report. (Id. at p. 50–53.) Thereafter, Leacock was provided with an opportunity to

make a statement and present evidence. Leacock's staff representative appeared at the hearing and indicated that she had met with Leacock prior to the hearing and that they were both ready to proceed. (Id.) Although Leacock had previously indicated that he would call a witness, during the hearing itself, Leacock stated that he did not wish to call that witness. (Id.) Leacock made his statement and again denied using marijuana and claimed that the urinalysis results were false. (Id.)

After conducting the discipline hearing and reviewing the evidence, the DHO determined that Leacock committed the charged violation and sanctioned him with loss of 41 days' good conduct time. (Doc. 1-1, pp. 4–5.) The DHO advised Leacock that a Bureau of Prisons' ("BOP") staff member would review the case and certify the recommended sanctions. Additionally, the DHO instructed Leacock on how to appeal the decision via the BOP's administrative remedy procedures. (Doc. 7-1, p. 53.) On June 30, 2016, the DHO forwarded his report to the BOP's privatization management branch, where the oversight specialist certified the DHO report as being in compliance with due process requirements and appropriate sanctions, as outlined in BOP Program Statement 5270.09. (Id. at p. 55.) On July 1, 2016, the DHO personally delivered a copy of the certified DHO report to Leacock. (Id. at p. 7.)

After exhausting his available BOP administrative remedies, Leacock filed this Petition contesting the loss of his good conduct time. (Doc. 1.) Respondent asserts that Leacock was afforded appropriate due process and that there was sufficient evidence to support the decision to revoke Leacock's good conduct time. (Doc. 7, pp. 6–11.)

**DISCUSSION**

**I.   Whether Due Process Requirements Were Met**

Respondent contends that the due process requirements were met in Leacock's DHO proceedings. (Doc. 7, p. 8.) Leacock received a copy of the incident report on June 21, 2016, the same date it was written. (Id.) Leacock had his hearing before the UDC on June 23, 2016, and on that same date, was notified of his DHO hearing and his rights at the hearing. (Id.) Leacock was represented by a staff representative at the DHO hearing held on June 29, 2016, and was provided an opportunity to call a witness. However, Leacock indicated at the hearing that he did not wish to call his witness. (Id.) On July 1, 2016, Leacock received a copy of the DHO's findings. (Id. at p. 9.) Finally, Respondent avers there is some evidence of record supporting the DHO's finding of guilt. (Id. at p. 13.)[1]

To determine whether Leacock's right to due process was violated, it must be determined what process was due to Leacock during the disciplinary hearing process. A prisoner has a protected liberty interest in statutory good time credits, and therefore, a prisoner has a constitutional right to procedural due process in the form of a disciplinary hearing before those credits are denied or taken away. O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (citing Wolff v. McDonnell, 418 U.S. 539, 555–57 (1974)). That due process right is satisfied when the inmate: (1) receives advance written notice of the charges against him, (2) is given the opportunity to call witnesses and present documentary evidence, and (3) receives a written

---

[1] Leacock does not specifically challenge whether due process requirements were met in his Petition. Rather, he espouses his alleged innocence of the positive marijuana reading in his toxicology report. Only in Leacock's Traverse does he allege that Respondent violated due process during his DHO hearing because the witness he wished to call was not the witness present at the hearing. (Doc. 10, pp. 2–3.) However, the Court finds this allegation unsupported, as the record indicates that Leacock requested as witness "Epino-Guerrero" with the inmate number 78481-080. (Doc. 7-1, p. 48.) The witness who attended Leacock's DHO hearing was Espinosa-Guerrera with the inmate number 78481-080. (Id. at p. 51.)

statement setting forth the disciplinary board's findings of fact. Id. (citing Wolff, 418 U.S. at 563–67). Additionally, the Court of Appeals for the Eleventh Circuit has determined that an inmate has the right to attend his disciplinary hearing. Battle v. Barton, 970 F.2d 779, 782–83 (11th Cir. 1992). "[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985). Determining whether the "some evidence" standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Smith v. Sec'y, Fla. Dep't of Corr., 432 F. App'x 843, 845 (11th Cir. 2011). "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 456. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." Tedesco v. Sec'y for Dep't of Corr., 190 F. App'x 752, 757 (11th Cir. 2006) (internal citation omitted). In addition, an inmate facing disciplinary sanctions is not entitled to the full panoply of rights afforded to criminal defendants. Id.

As detailed above, Leacock was notified of the charges against him on June 21, 2016—nearly two days before his UDC hearing and more than a week before his DHO hearing. Thus, the first Wolff factor was met. The second Wolff factor was met on June 23, 2016, when Leacock was made aware of his right to call witnesses and to present documentary evidence at the DHO hearing. The third Wolff factor was met when Leacock received written notice of the DHO decision on July 1, 2016. In addition, a review of the DHO's findings reveals that there is

5

"some evidence" to support his finding that Leacock violated the Facility's discipline regulations by using a non-prescribed narcotic. Specifically, the DHO made his findings based on the evidence presented through the toxicology report, the written reports of staff, and the BOP and Facility's policies on the standard estimate of the maximum length of time in which a person's urine would test positive for marijuana. (Doc. 7-1, pp. 8, 39, 41, 51.) Accordingly, Leacock received all of the due process protections afforded him during the disciplinary proceedings, and any contentions to the contrary are without merit.

Accordingly, the Court should **DENY** Leacock's Petition.

## II.     **Leave to Appeal** *in Forma Pauperis*

The Court should also deny Leacock leave to appeal *in forma pauperis*. Though Leacock has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or

fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Leacock's Petition and Respondent's Response, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DENY** Leacock's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Leacock leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 8th day of May, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA